# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| Angela Andrew, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>Kilolo Kijakazi, Acting Commissioner, Social )<br>   Security Administration, )<br>)<br>*Defendant*. | No. 1:22-cv-01003 (PTG/LRV) |

## ORDER

This matter comes before the Court on the July 6, 2023 Report and Recommendation from Magistrate Judge Lindsey Robinson Vaala regarding Plaintiff's Motion for Summary Judgment (Dkt. 18) and Defendant's Motion for Summary Judgement (Dkt. 21). Dkt. 25. The Magistrate Judge recommended that the Court deny Plaintiff's Motion for Summary Judgement (Dkt. 18), grant Defendant's Motion for Summary Judgment (Dkt. 21), and affirm the final decision of Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff disability insurance benefits for the period of June 1, 2018 through May 10, 2022. Dkt. 25. Plaintiff timely objected to the Magistrate Judge's Report and Recommendation (Dkt. 26) and Defendant filed a response (Dkt. 27). This Court has reviewed the Report and Recommendation, the parties' submissions, and the record herein. For the reasons that follow, the Court **OVERRULES** Plaintiff's Objections (Dkt. 26) and **ADOPTS and APPROVES** the Magistrate Judge's Report and Recommendation (Dkt. 25).

## I.     Factual Background

As an initial matter, the Court finds that the Magistrate Judge accurately and comprehensively detailed the procedural history and factual background of this case in the Report and Recommendation, Dkt. 25 at 2–20, and neither party has objected to those portions. Accordingly, this Court adopts those findings in full and will not recount them beyond what is stated immediately below:

In June 2018, Plaintiff applied for disability insurance benefits ("DIB") due to several alleged ailments. Administrative Record ("AR") 12. In June 2021, Plaintiff was denied DIB by the Social Security Administration ("SSA"). *Id.* In November 2021, Plaintiff was again denied upon requesting reconsideration. *Id.* On May 10, 2022, Administrative Law Judge ("ALJ") Michael Krasnow, after conducting a hearing, found that Plaintiff was not disabled under §§ 216(i), 223(d) of the Social Security Act. *Id.* The Appeals Council then denied Plaintiff's request that it review the ALJ's decision. *Id.* at 1. As a result, the ALJ's decision became the final decision of the Commissioner of Social Security. *Id.*

On September 6, 2022, Plaintiff then filed a civil action in this Court seeking review of the ALJ's decision, pursuant to 42 U.S.C. § 405(g). Dkt. 1. On January 13, 2023, following an extension of filing deadlines, Dkt. 17, Plaintiff filed her Motion for Summary Judgment, Dkt. 18. On February 10, 2023, Defendant filed a Motion for Summary Judgment. Dkt. 21. After reviewing the record, the Magistrate Judge entered her Report and Recommendation recommending that the ALJ's decision be affirmed, that Plaintiff's Motion for Summary Judgment be denied, and that Defendant's Motion for Summary Judgment be granted. Dkt. 25. On July 20, 2023, Plaintiff objected to the Report and Recommendation, Dkt. 26, and on July 31, 2023, Defendant responded to Plaintiff, Dkt. 27.

## II.     Legal Standard

This Court reviews *de novo* any part of the magistrate judge's disposition to which an objection has been properly made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b). Upon review, this Court must decide "whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard." *Boyd v. Kijakazi*, No. 2:21-cv-29, 2022 WL 949904, at *1 (E.D. Va. Mar. 29, 2022) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). Thereafter, if the Court determines that "the Commissioner's denial of benefits is supported by substantial evidence and was reached by applying the correct legal standard, the Court must affirm the Commissioner's final decision." *Boyd*, 2022 WL 949904, at *1 (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

Congress makes clear that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Commissioner . . . the court shall review only the question of conformity with such regulations and the validity of such regulations." 42 U.S.C. § 405(g). Here, "[s]ubstantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. Though the threshold for such evidentiary sufficiency is not high, it requires that more than a mere scintilla of evidence support the ALJ's findings. In undertaking this review, it is not our place to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 383 (4th Cir. 2021) (cleaned up). That said, courts "do not reflexively rubber-stamp an ALJ's findings." *Id.* (cleaned up).

### III.     Analysis

Plaintiff raises a single issue in her objection: the ALJ allegedly violated 20 C.F.R. § 404.1520c(c)(1) by failing to properly address the "supportability factor" in considering the opinions of Dr. Luzmira Torres, Plaintiff's treating physician. Dkt. 26 at 2.

In analyzing disability claims, ALJs are required to consider the persuasiveness of a medical opinion by assessing a number of factors pursuant to 20 C.F.R. § 404.1520c(c). "Supportability" is one such factor and, as stated, the only one that Plaintiff raises here. 20 C.F.R. § 404.1520c(c)(1). "To assess supportability, the ALJ must consider whether a medical source considered relevant 'objective medical evidence and [presented] supporting explanation.'" *Todd v. Kijakazi*, 2021 WL 5348668, at *5 (E.D. Va. Nov. 16, 2021) (quoting 20 C.F.R. § 404.1520c(c)(1)).

In her March 2022 opinion, Dr. Torres indicated that Plaintiff's "current disabilities and treatment schedule would require absences from work – More than 3 times weekly . . . [and would probably require greater than 3 daily breaks on exacerbation of symptoms][.]" AR 1557. Dr. Torres also made certain recommendations "due to PTSD and associated symptoms." *Id.* at 1558. In considering Dr. Torres' opinion, the ALJ found:

> This opinion is not well-supported, with Dr. Torres indicating that the physical limitations are based on the claimant's own self-report. This opinion evidence is not supported by Dr. Torres'[] treatment notes often showing that the claimant was in no acute distress with normal extremity movement, good balance and gait, intact sensation, normal mood, and good memory without any noted manipulative limitations. This opinion is not consistent with the record as a whole, including the more persuasive opinion evidence from the State Agency medical consultants above, the lack of any regular urgent or emergency care for exacerbations related to PTSD; the medical records showing that the claimant was pleasant, cooperative, and friendly; and the evidence showing that the claimant had normal gait, normal tandem walking, normal fine and gross manipulation, intact sensation, and 5/5 strength outside of the consultative examination where 4/5 left deltoid and leg strength was identified.

4

AR 22–23 (citations omitted).

Plaintiff objects to the Magistrate Judge's finding that substantial evidence supported the ALJ's conclusion that Dr. Torres' opinions were not-well supported. In essence, Plaintiff concedes that the ALJ applied the correct legal standard but argues, "[t]he ALJ's decision was a misrepresentation of Dr. Torres' medical findings." Dkt. 26 at 3. To that end, Plaintiff complains that the ALJ's discussion was "insufficient," *id.*, and his "analysis was terse and extremely narrow," *id.* at 4. This Court disagrees.

It is true that an ALJ's reasoning must be supported by "substantial evidence." *Boyd*, 2022 WL 949904 at *1 (citing *Hays*, 907 F.2d at 1456). Upon review of the record, this Court finds that substantial evidence supports the ALJ's determination that Dr. Torres' opinions were not well-supported and her March 2022 medical opinions regarding Plaintiff's limitations, AR 1557–58, were undermined by her own treatment notes.

Plaintiff complains that the "ALJ's reliance on the first two examinations and then a single examination years later[] does not accurately represent Dr. Torres' treatment of Ms. Andrew." Dkt. 26 at 3. Contrary to Plaintiff's suggestion, this is not a situation where the ALJ "cherrypick[ed] facts that support a finding of nondisability[.]" *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (cleaned up). Upon review, this Court finds that the record is replete with facts that support the ALJ's characterization of Dr. Torres' treatment notes as "often showing that the claimant was in no acute distress[.]" AR 22.

As the Magistrate Judge recounted, the treatment notes that the ALJ specifically cites "are generally consistent with many of Dr. Torres'[] other treatment notes." Dkt. 25 at 29. For example, Dr. Torres' notes from December 2020 state that Plaintiff was in no acute distress and was experiencing normal movement of her extremities. AR 531. Dr. Torres' notes from July 2021

indicate that Plaintiff was satisfied with the treatment of her pain. AR 912. In January 2022, Dr. Torres noted that physical therapy was assisting with Plaintiff's pain. AR 1298. The notes from these appointments are consistent with the September 2018, July 2019, and September 2021 appointments cited by the ALJ. AR 22; *see also* Dkt. 25 at 25. For example, in July 2019, Dr. Torres' notes indicate that Plaintiff's anxiety had improved since retirement, AR 593, and that Plaintiff was not in acute distress, AR 595. In September 2018, Dr. Torres noted that Plaintiff had normal movement of her extremities and was not in acute distress. AR 786. In September 2021, Dr. Torres noted that Plaintiff was in a normal mood with no anxiety or depression. AR 897.

Finally, it is not the case that the ALJ concluded, as Plaintiff suggests in her Objections, that "Ms. Andrew would have no problems standing or walking." Dkt. 26 at 4. Rather, the ALJ noted that "the record reveals musculoskeletal degeneration," AR 18, and that Plaintiff experiences "restricted lumbar spine and knee motion at times," AR 21, but even so, "maintain[s] normal tandem walking, normal gait and stance," *id.* It was considering this evidence, along with "the record as a whole," that led the ALJ to conclude that Plaintiff is capable of "a light range of work." *Id.* at 20–21. The ALJ did not state that Plaintiff has no problems at all. The ALJ noted that he took the record as a whole into consideration before deciding that Dr. Torres' opinions were not well-supported. AR 22. This decision explicitly contemplated Dr. Torres' notes that spanned her care of Plaintiff. *Id.* at 22–23.

Additionally, Plaintiff claims that "[j]ust because the ALJ mentioned the objective medical imaging earlier in the decision does not mean that [t]he ALJ properly considered the evidence and does not need to think about it ever again." Dkt. 26 at 4. Case law is clear, however, that an "ALJ need only review medical evidence once in his decision." *McCartney v. Apfel*, 28 F. App'x 277, 279 (4th Cir. 2002); *Kiernan v. Astrue*, 2013 WL 2323125, at *5 (E.D. Va. May 28, 2013)

6

("[w]here the ALJ analyzes a claimant's medical evidence in one part of his decision, there is no requirement that he rehash that discussion[.]"). Clearly, the ALJ considered the objective medical imaging in his decision. *See* AR 18–21.

This Court therefore affirms the Magistrate Judge's conclusion that the ALJ met his obligation to explain his reasoning for finding that Dr. Torres did not offer a well-supported opinion because the ALJ "(1) identified Dr. Torres'[] opinions; (2) specifically discussed the supportability factor; (3) restated Dr. Torres'[] own observations about Plaintiff from several of her treatment notes; (4) explained why those treatment notes did not support Dr. Torres'[] March 2022 opinions; and (5) provided citations to the record that support that conclusion." Dkt. 25 at 25. Importantly, "'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision[.]'" *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (citation omitted). Despite Plaintiff's claims to the contrary, the ALJ did not "selectively cit[e] evidence from the record[.]" *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 98 (4th Cir. 2020). Upon review of the record, this Court finds that the ALJ "buil[t] an accurate and logical bridge from the evidence to his conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (cleaned up).

Accordingly, it is hereby

**ORDERED** that Plaintiff's Objections (Dkt. 26) are **OVERRULED**; and it is further

**ORDERED** that the Court **ADOPTS**, as its own, the findings of fact and recommendation, as set forth in the July 6, 2023 Report and Recommendation (Dkt. 25); and it is further

**ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. 18) is **DENIED** and

Defendant's Motion for Summary Judgement (Dkt. 21) is **GRANTED**.

The Clerk of Court is directed to enter Rule 58 judgment in favor of Defendant.

Entered this 27th day of September, 2023.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

8